UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEON REED, | Case No. 3:24-cv-00319-ART-CLB |
| Petitioner, | ORDER |
| v. | |
| NEVADA ATTORNEY GENERAL, *et al.*, | |
| Respondents. | |

This habeas matter is before the Court on Petitioner Keon Reed's Motion to Stay the case (ECF No. 9). Respondents filed a non-opposition (ECF No. 11). The Court will grant the motion to stay the case.

On August 11, 2004, the Second Judicial District Court for Washoe County, Nevada imposed a judgment sentencing Reed as a habitual criminal to 10 years to life imprisonment after Reed pleaded guilty to robbery, resisting a public officer with a dangerous weapon, possession of a stolen motor vehicle, burglary, and assault with a deadly weapon. ECF No. 10-2. Reed alleges he served 14 years imprisonment and remains on lifetime parole supervision. ECF No. 5 at 4. Reed alleges that on January 8, 2024, one of the prior convictions that was used to adjudicate him a habitual criminal and impose a corresponding sentence, was vacated by a federal court order. ECF Nos. 5 at 5–6; 10-6.

On July 22, 2024, Reed filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his confinement under the August 11, 2004, judgment, and unspecified subsequent amended judgment. ECF Nos. 5 at 1, 4; 10-2. In his petition, Reed asserts two claims: (1) trial counsel was ineffective in failing to object to the habitual criminal adjudication and sentence because one of the alleged prior state convictions that was used to prove habitual criminal status

1

|   |   |
|---|---|
| 1 | did not predate the crimes in the instant state case and therefore was not a |
| 2 | qualifying conviction; and (2) his rights to due process, equal protection, and |
| 3 | cruel and unusual punishment were violated at sentencing because new evidence |
| 4 | vacating a federal conviction that was used to prove habitual criminal status |
| 5 | demonstrates Reed is actually innocent of the habitual criminal adjudication and |
| 6 | sentence. ECF No. 5 at 3–6. On August 30, 2024, the Court granted Reed's |
| 7 | motions for appointment of counsel. ECF No. 4. On November 12, 2024, Reed |
| 8 | filed a post-conviction state habeas petition to exhaust his two claims. ECF No. |
| 9 | 10-7. On November 18, 2024, Reed filed the instant motion for stay and abeyance |
| 10 | so that he can exhaust the claims in state court. ECF No. 9 at 4-7. |

      A district court is authorized to stay an unexhausted petition in "limited circumstances," to allow a petitioner to present unexhausted claims to the state court. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding district courts have authority to stay and hold in abeyance both mixed petitions and "fully unexhausted petitions under the circumstances set forth in *Rhines*"). Under the *Rhines* test, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278). The Ninth Circuit has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances." *Wooten*, 540 F.3d at 1024 (citing *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005)).

      Reed claims there is good cause to grant the stay because he has colorable arguments that he is actually innocent of his sentence under Nevada law, his claims are not plainly meritless, and he has not engaged in dilatory tactics. ECF No. 9 at 4-7. The Court agrees.

1      IT IS THEREFORE ORDERED that Petitioner Keon Reed's Motion to Stay (ECF No. 9) is GRANTED.

It is further ordered that this action is STAYED pending exhaustion of Reed's unexhausted claims.

It is further ordered that the grant of a stay is conditioned upon Reed litigating his pending state post-conviction petition or other appropriate proceeding in state court and returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of all state court proceedings.

It is further ordered that the Clerk of Court is directed to ADMINISTRATIVELY CLOSE this action until such time as the Court grants a motion to reopen the matter.

It is further ordered that the Court will reset the briefing schedule upon reopening the case and lifting the stay.

DATED THIS 6th day of December 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE